United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE EUGENIO AZUA ZAVALA, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-03755 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| BRET BRADFORD, *et al*, Respondents. | § § § | |

### ORDER ON DISMISSAL

Petitioner Jose Eugenio Azua Zavala filed a petition for writ of *habeas corpus* on May 11, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Immigration and Nationality Act, and (iii) the Administrative Procedure Act. Id at ¶¶14, 41–60.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

The Government initially filed a motion that excluded a full response, instead attaching only supporting documents. See Dkt 5. It then sought leave to file an amended response. See Dkt 7. That motion was granted by prior order, and the amended response attached to the motion was deemed filed. See Dkt 8; see also Dkt 7-1 (amended response).

The amended response consists of a motion by the Government to dismiss or, alternatively, for summary judgment. Dkt 7-1. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 5–6. It further contends that each of Petitioner's arguments fail on the merits. Id at 7–13.

Petitioner on reply maintains that his detention without an individualized bond hearing violates due process. See Dkt 9 at 2–3.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of *habeas* relief and otherwise relying

on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments presented in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above. Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 7-1.

The petition for writ of *habeas corpus* by Petitioner Jose Eugenio Azua Zavala is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___June 03, 2026___ , at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3